# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHN ROOSEVELT BACCUS,<br>#187393, | )<br>)<br>) CIVIL ACTION NO. 0:06-1912-DCN-BD |
| Petitioner, | )<br>) |
| v. | )<br>) |
| STAN BURT, Warden; HENRY<br>MCMASTER, Attorney General<br>of South Carolina, | )<br>) **REPORT AND RECOMMENDATION**<br>)<br>) |
| Respondents. | ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on June 29, 2006.

The Respondents filed a return and motion for summary judgment on November 17, 2006. As the Petitioner is proceeding pro se, a Roseboro order was filed on November 20, 2006, advising Petitioner that he had thirty-four (34) days to file any material in opposition to the Respondents' motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, Respondents' motion for summary judgment may be granted, thereby ending his case. On December 7, 2006, Petitioner filed a brief in opposition, and on January 17, 2007 filed his own motion for "judgment" on his Petition. This matter is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The parties have filed motions for summary judgment and/or for judgment on the pleadings. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in February 2000 in Marion County for murder and burglary, first degree in connection with the shooting death of his former girlfriend, Brenda Kay Godbolt. [Indictment No. 00-GS-33-4]. (R.pp. 692-693). Petitioner was represented by Frederick A. Hoefer, II, Esquire, and Robert E. Lee, Esquire, was tried by a jury on May 19-23, 2003, and found guilty as charged. (R.pp. 88-692).[2] Petitioner was sentenced by the trial judge to concurrent sentences of life without parole on each charge. (R.pp. 69-691).

Petitioner timely filed a direct appeal of his conviction. Petitioner was represented on appeal by Robert M. Dudek, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who raised the following issues:

I.     Whether the court erred by refusing to suppress blood evidence implicating appellant in the crime, since appellant's blood was extracted with a needle without a warrant, in violation of the Fourth Amendment, a state statute, and also in violation of Schmerber v. California since there were no exigent circumstances at the time his blood was drawn?

II.    Whether the court erred by ruling evidence emanating from appellant's arrest was admissible since the arresting officer did not have probable cause to arrest appellant?

III.   Whether the court erred by ruling that evidence seized from appellant's property was admissible since there was no showing of probable cause for the magistrate to issue the search warrant where only conclusory vague statements were contained in the search warrant affidavit about appellant's arrest?

See Petition (Respondents' Exhibit 2), p. 3.

The South Carolina Supreme Court denied the appeal and affirmed Petitioner's convictions on January 9, 2006. See Respondents' Exhibit Four (State v. John Roosevelt Baccus, Memo.Op.No.

---

[2] After page 603 in the record, pages 714-730 have apparently inadvertently been inserted in reverse order. After page 714, the record continues with page 604.



26094 (filed Jan. 9, 2006)). The Remittitur was sent down on January 25, 2006. See Respondents' Exhibit Five.

In his pro se Petition for writ of habeas corpus, Petitioner raises the following claims:

**Ground One**: Did the S.C. Supreme Court err in its decision to conclude that Petitioner's conviction pursuant to a (unlawful) warrantless arrest . . . involve a fundamental miscarriage of justice?

Undisputed portions of the record clearly show that at the moment of Petitioner's arrest the alleged charges could not stand because a charge of murder and burglary first would have been unlawful under the circumstances. At the moment the arrest was made, the arresting officer clearly had no "probable cause" within a degree of proof to base a lawful arrest. There has never been a magistrate determination for probable cause.

**Ground Two:** Did police/prosecution violate Brady and deny Petitioner federally protected due process in violation of the Fourteenth Amendment by unlawfully suppressing evidence . . . after specific request upon inquiries for security tape unlawfully seized by police/prosecution from Petitioner's residence.

Undisputable evidence tending to exculpate Petitioner in light of his testimony was deliberately suppressed by police/prosecution and this tape in question "had substantial exculpatory evidentiary significance" such that every item of the State's case would have been directly undercut if the Brady evidence had been disclosed during Petitioner's trial, it would have induced a reasonable doubt in the minds of the jurors to avoid a conviction.

See Petition, pp. 6-7.

### Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings



filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner contends that the state Supreme Court erred by holding that there was probable cause for his warrantless arrest. In its decision, the state Supreme Court held that Officer Barry Prosser of the Florence County Sheriff's Department had probable cause for the warrantless arrest based on the information he had received from Officer Von Turbeville as well as from Prosser's own observations at Petitioner's residence. The undersigned can find no reversible error in the state court's decision.

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). Further, under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim



adjudicated on the merits in state court only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding". Evans v. Smith, 220 F.3d at 311-312.  After careful review and consideration of the record in this case pursuant to this standard, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that the South Carolina Supreme Court erred in finding there was probable cause to make a warrantless arrest in this case. State v. Baccus, Op. No. 26094 (filed Jan. 9, 2006)(Respondent's Exhibit Four). See  Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears  the burden of proving his allegations when seeking a writ of habeas corpus].

First, there is nothing strange or unusual about a police officer making a warrantless arrest. Warrantless arrests occur all the time, and are generally proper if there is probable cause to make the arrest. Wortman v. City of Spartanburg, 425 S.E.2d 18, 20 (S.C. 1992). Probable cause for an arrest  exists where the facts and circumstances within the arresting officer's knowledge are sufficient for a reasonable person to believe that a crime has been or is being committed by the person arrested. State v. Moultrie, 451 S.E.2d 34, 37 (S.C.Ct.App. 1994); State v. Roper, 260 S.E.2d 705, 706 (S.C. 1979) ["A police officer has probable cause to arrest without a warrant where he, 'in good faith, believes that the person is guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise . . . .'" (quoting State v. Swilling, 155 S.E.2d 607, 617 (S.C. 1967)].

In determining whether probable cause exists, all the evidence within the arresting officer's knowledge may be considered, including the information observed while responding to

5



information received.  Roper, 260 S.E.2d at 706.   Here, the record reflects that, after the shooting, Officer Turbeville received a call dispatching him to the victim's residence.  He met with officers already at that location and called witness Priscilla Ham.  Ham told him that she was having a telephone conversation with the victim when she heard Petitioner enter the residence and the murder occur.  Ham told him the Petitioner's name as well as his home address and the type of car he was driving. (R.pp. 294-296). With this information, Turbeville contacted Officer Prosser, informed him of the murder, and relayed the information he had received from Ham.  Turbeville then drove to Petitioner's residence, as did Prosser.  (R.pp. 296-297).

When Prosser arrived, he knocked on the door and got no response.  However, he noticed a lone automobile consistent with the description of Petitioner's car parked at a closed convenience store approximately 1/4 mile from Petitioner's house. Prosser looked in the vehicle and noticed a "red substance" both on and in the car. He also noticed a smoldering burn pile in Petitioner's back yard.  Prosser then knocked on the door of Petitioner's home again, and this time Petitioner answered the door.  Prosser talked to him briefly to explain he was there in conjunction with a Marion County incident.  Prosser then placed Petitioner under arrest and waited for Marion County officers to arrive. (R.pp. 276-284).

This record and evidence establishes ample probable cause for Petitioner's arrest; Wortman, 425 S.E.2d at 20; State v. Moultrie, 451 S.E.2d at 37; State v. Roper, 260 S.E.2d at 706; State v. Swilling, 155 S.E.2d at 617; and Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable or contrary to law. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light



of the evidence presented in the state court proceeding or was contrary to clearly established federal law]; Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Therefore, this claim is without merit and should be dismissed.

## II.

In his second ground for relief, Petitioner argues that the trial court erred in failing to provide Brady[3] materials, specifically a videotape. Petitioner did not raise this issue in his direct appeal; therefore, this issue would appear to be barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted for purposes of this Court's review. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest

---

[3] Brady v. Maryland, 373 U.S. 83 (1963) [Government cannot withhold exculpatory material from the accused].

7



court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Since this issue was not pursued by the Petitioner in his direct appeal, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Here, Petitioner has not shown any cause for his default. To the contrary, Petitioner contends that he did raise this issue in his appeal. However, a review of the record does not support this contention. Therefore, he has failed to show cause for his procedural default on this issue.

Nor has Petitioner set forth any arguments which demonstrate that a fundamental miscarriage of justice will occur if this claim is not considered. Hence, this claim is procedurally barred from consideration by this Court and should be dismissed. Id.; see 28 U.S.C. § 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a

8



constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).  Therefore, this issue is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that Petitioner's motion for "judgment" on his Petition be **denied**, that the Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 17,  2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

