**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| JOHN ROOSEVELT BACCUS #187393,        )<br>)<br>Petitioner,        )<br>)<br>vs.        )<br>)<br>STAN BURT, Warden; HENRY MCMASTER, Attorney General of South Carolina        )<br>)<br>Respondents.        ) | C/A No. 0:06-1912-DCN-BM<br><br><br><br>**ORDER** |

The above referenced case is before this court upon the magistrate judge's recommendation that the petitioner's motion for "judgment" on his petition be denied, the respondents' motion for summary judgment be granted, and that the petition be dismissed with prejudice.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984 ).[1]   **Objections to the magistrate judge's report and recommendation were filed on May 1, 2007.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **affirmed**, the petitioner's motion for "judgment" on his petition is denied, the respondents' motion for summary judgment is granted,  and this petition is **dismissed** with prejudice.[2]

**AND IT IS SO ORDERED.**

_____
David C. Norton
United States District Judge

Charleston, South Carolina
May 16, 2007

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

[2] While not deciding the validity of Baccus' claims under Gerstein v. Pugh, 240 U.S. 103 (1975), the court would note that petitioner was arrested in the early morning hours of November 15, 1999 by officers of the Florence County Sheriff's Office as outlined by the Magistrate Judge in pages 4 through 7 of his Report and Recommendation and subsequently two arrest warrants were obtained from a Magistrate in Marion County, South Carolina on November 16, 1999. These arrest warrants were served on Baccus on November 16, 1999 and are attached as pages 700 and 701 of Attachment 10 to the state's Return and Memorandum to Baccus' Petition for a Writ of Habeas Corpus which was filed on November 17, 2006. Thus it appears that petitioner was served by an arrest warrant signed by a neutral and detached judicial officer within 48 hours of his initial arrest.

### *NOTICE OF RIGHT TO APPEAL*

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure